(1) That the refunding bond has but one security. (2) That the bond was filed and recorded three years after its execution, when by law it should have been filed at the succeeding term.
The cause was argued at Northampton before TAYLOR, C. J., who overruled the reasons in arrest.*
The cause was submitted here without argument.
* The first reason was chiefly pressed in the court below, on which the opinion there given was as follows: PER CURIAM — The act of 1789, ch. 23, certainly requires the administrator to take a bond with two or more able sureties; but that is for his own protection, and if he chooses to risk it on one security as against creditors, that security has no cause of complaint. I cannot distinguish the case from the sheriff's taking one bail, which he may do if he please; yet it is no objection in the mouth of the bail. Cro. Eliz., 672, 808.
It is difficult to discover the principle upon which the defendant's objection rests. The act of Assembly requires from the administrator that he should before delivering over the distributive share (and in like manner of executors as to legacies) take from the party a bond, with two or more able securities to refund in case of debts. The administrator has taken the bond from the defendant; but he objects to being bound thereby, because there was but one surety taken; and I suppose if two had been taken he would then have said he ought not to be bound, because they were not able. Whether the administrator could shelter himself from the claim of creditors by this bond is another question; but as regards the defendant, the administrator has not imposed upon him any obligation unauthorized by law, nor has he taken any bond which the law forbids. On the contrary, he has taken the precise one required by law, but has omitted to have it signed by as many persons as he was directed. In other words, he has done nothing which the law did not require, but has not done all it required. In point of (672) law, therefore, the bond is not void; and in reason and honesty there can be no ground to impeach it. There ought, therefore, to be judgment for the plaintiffs.
HALL, J., DANIEL, J., and RUFFIN, J., concurred.
NOTE. — As to the validity of a bail bond with one surety, seeArrenton v. Jordan, 11 N.C. 98. *Page 479